**MKS INSTRUMENTS, INC. and Applied Science and Technology, Inc., Plaintiffs–Appellants,**

v.

**ADVANCED ENERGY INDUSTRIES, INC., Defendant–Appellee.**

No. 03–1076.

United States Court of Appeals, Federal Circuit.

Jan. 31, 2003.

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

ON MOTION

GAJARSA, Circuit Judge.

*ORDER*

Advanced Energy Industries, Inc. moves to dismiss MKS Instruments, Inc. et al.'s appeal for lack of jurisdiction. MKS opposes. Advanced Energy replies.

MKS sued Advanced Energy for infringement. Before trial, the district court construed the disputed claim, rejecting MKS's proposed broad claim construction of a term. Subsequently, a jury found that Advanced Energy infringed, that MKS's patent was not invalid, and awarded $4.2 million in damages.

Following the jury's verdict, the parties entered into a "License Agreement" in

which Advanced Energy agreed to withdraw all post-trial motions, stipulate to the jury verdict, pay the awarded damages, and take a royalty-bearing license for its accused products. The district court entered a stipulated final judgment.

Notwithstanding MKS's favorable final judgment and the post-trial agreement with Advanced Energy, MKS appealed, seeking review of the district court's claim construction orders. MKS asserts that the potential preclusive effect of the district court's claim construction rulings in possible future litigation constitutes an "actual controversy" over which this court has jurisdiction. Specifically, MKS argues that its "[o]ngoing legal rights and obligations, including future injunctive relief, turn upon the scope and breadth of the patent. MKS is therefore entitled to have the correct claim construction applied to its patent, and does not lose that right by its victory at the jury trial."

An appeal is not ripe for review if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. U.S.*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580–81, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)). We have held: "Under Article III, we may only adjudicate "concrete, living contests between adversaries. Here, as a result of the Agreement, [plaintiff] and the defendants are no longer adversaries.... As a general matter, a case becomes moot if, through the actions of the party seeking review, the immediate controversy is terminated." *Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1220 (Fed.Cir.2001).

Here, a final judgment was entered, which MKS does not appeal, and the parties have entered an agreement in support of the final judgment. We reject MKS's contention that because Advanced Energy is its only competitor and may be "designing a new product with the District Court's claim construction in mind," the parties remain in an adversarial position, thereby conferring jurisdiction on this court through a continuing case or controversy. At present, there is no "genuine adverse effect" on MKS, the prevailing party, and the question of the preclusive effect of the district court's claim construction will become justiciable "if and when the question arises in a future case." *Compare National Presto Industries, Inc. v. Dazey Corp.*, 107 F.3d 1576 (Fed.Cir.1997), *with Aqua Marine*, 247 F.3d at 1221.

Accordingly,

IT IS ORDERED THAT:

(1) Advanced Energy's motion to dismiss is granted.

(2) Each side shall bear its own costs.